IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

   vs.                  Case No. 07-40155-01-RDR

ANTONIO CUEVAS-MENDOZA,

        Defendant.

---

**MEMORANDUM AND ORDER**

On August 21, 2008, the court sentenced the defendant. The purpose of this memorandum and order is to memorialize the rulings made by the court at the sentencing hearing.

The defendant entered a guilty plea to aggravated reentry of a deported alien in violation of 8 U.S.C. §§ 1326(a)(2) and 1326(b)(2). In preparation for sentencing, the probation office prepared a presentence report (PSR). The PSR calculated the defendant's base offense level under the advisory United States Sentencing Guidelines as eight. The base offense level was increased by eight levels pursuant to U.S.S.G. § 2L1.2(b)(1)(C) because the defendant had a prior conviction for reentry after deportation. The PSR further recommended a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, resulting in a total adjusted offense level of thirteen. The defendant had a criminal history category of V which, combined with an offense level of 13, yielded an advisory guidelines range of thirty to

thirty seven months.  Neither side filed any objections to the PSR.

The defendant filed a sentencing memorandum seeking a downward departure for two reasons:  (1) his criminal history category is over-represented; and (2) the harsh conditions of his pretrial confinement.  At sentencing, the defendant noted that he was seeking either a downward departure or a downward variance based upon the aforementioned reasons.

Departures and variances are two different things.  A departure occurs "when a court reaches a sentence above or below the recommended Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines."  United States v. Atencio, 476 F.3d 1099, 1101 n. 1 (10th Cir. 2007).  A variance occurs "[w]hen a court enhances or detracts from the recommended range through application of § 3553(a) factors."  Id.

**Criminal History Over-Represented**

The defendant suggests that his criminal history category is over-represented because his prior crimes (1) are old; and (2) relatively minor.  He points out all but one of his prior crimes occurred approximately ten years ago.  He further points out that the prior crimes are generally minor in nature and contain no convictions for violence or drugs.  He notes that the prior crimes are for shoplifting, illegal entry on three occasions, possession of burglary tools and unauthorized use of transportation.  He notes in particular that his past conviction for aggravated reentry has

2

resulted in the imposition of an eight-level enhancement and five criminal history points.  The defendant points out that he is one of twelve children from a very poor family in Mexico.  He has illegally entered the United States in order to work.  The defendant suggests that the court should reduce his criminal history category to a level III.

**Harsh Conditions of Pretrial Confinement**

The defendant asserts that while he was incarcerated at the Jackson County Detention Center during pretrial, he acquired pneumonia.  This led to some severe health problems requiring surgery.  Then, as he was recovering from the pneumonia, he contracted a staph infection.  This condition persisted for several months.  He argues that these problems justify a two-level reduction in his offense level to an 11.

**Summary**

The court has determined that the defendant has demonstrated that a variance is appropriate here.  The court finds that the various circumstances of the defendant's past require a variance. Specifically, the court has focused on the defendant's criminal history.  The court agrees with the defendant that his criminal history is over-represented.  The defendant's past convictions, while properly calculated, are approximately ten years old.  In addition, the defendant's crimes are generally minor crimes and do not involve violence or drugs.  Finally, the court notes that the

last conviction, reentry of an aggravated felon in 2001, has caused severe consequences in the determination of both the defendant's offense level and criminal history.   The court does not suggest that his prior convictions, particularly ones involving illegal reentry, should not have consequences, but the most recent conviction appears overly punitive, particularly when there is no indication that the defendant is a danger to society.   The over-representation of the defendant's criminal history, coupled with his background, suggest that a variance is proper.   Having carefully considered the factors set forth in 18 U.S.C. § 3553(a), the court has determined that a sentence of 18 months is appropriate.   The court believes that this sentence will meet the sentencing objectives of deterrence, punishment, rehabilitation, and protection of the public.   Further, the court believes that this is a fair and reasonable sentence and it is a sentence sufficient, but not greater than necessary, to comply with the aforementioned sentencing purposes in light of all the circumstances in this case, including the nature and circumstances of the offense and the history and characteristics of the defendant.

**IT IS SO ORDERED.**

        Dated this 26th day of August, 2008 at Topeka, Kansas.


                                    s/Richard D. Rogers
                                    United States District Judge